IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                           PO 08-2305

JAVIER CLAUDIO-BECERRA,

       Defendant.

**MEMORANDUM OPINION AND ORDER DISMISSING WITHOUT PREJUDICE COMPLAINT FOR LACK OF PROBABLE CAUSE**

**THIS MATTER** is before the Court on Defendant's *Memorandum in Support of Motion to Dismiss or For Acquittal (Doc. 7)*[1] (hereinafter "**Motion to Dismiss**"), filed on August 20, 2008. Plaintiff filed *United States' Response to Defendant's Memorandum in Support of Motion to Dismiss or For Acquittal (Doc. 8)* (hereinafter "**Response**"), on August 22, 2008. Defendant filed his *Reply to Plaintiff's Response to Defendant's Motion to Dismiss or For Acquittal (Doc. 11)* (hereinafter "**Reply**") on August 26, 2008. The Court held a telephonic status conference with the parties on August 26, 2008, about procedural issues regarding the release of Defendant if the Court were to dismiss the complaint. During this conference, counsel for the government requested permission to make a proffer of the evidence that the government would have made at trial to support its position that Defendant is guilty of illegal entry into the United States without inspection and thereby is guilty of wilfully failing to apply for registration and be fingerprinted. The United States

---

[1] The Court notes that no separate motion to dismiss has been filed in this case, and, therefore, the Court construes this document as a motion to dismiss.

1

submitted its proffer of evidence (hereinafter "*Proffer*"), to the undersigned on August 27, 2008, which is attached to this order. Having reviewed the *Motion to Dismiss*, *Response*, *Reply*, *Proffer*, the record of this case and relevant law, the Court **FINDS** that the *Criminal Complaint (Doc. 1)* in this case should be **DISMISSED without prejudice** for lack of probable cause that Defendant violated 8 U.S.C. §§ 1302(a) and 1306(a).

## Background

Defendant was charged by *Criminal Complaint (Doc. 1)* with violating 8 U.S.C. § 1302(a) and 1306(a). Section 1302(a) states that:

> It shall be the duty of every alien now or hereafter in the United States, who (1) is fourteen years of age or older, (2) has not been registered and fingerprinted under section 1201(b) of this title or section 30 or 31 of the Alien Registration Act, 1940, and (3) remains in the United States for thirty days or longer, to apply for registration and to be fingerprinted before the expiration of such thirty days.

Section 1306(a) provides that:

> Any alien required to apply for registration and to be fingerprinted in the United States who willfully fails or refuses to make such application or to be fingerprinted . . . shall be guilty of a misdemeanor and shall, upon conviction thereof, be fined not to exceed $1000 or be imprisoned not more than six months, or both.

According to the *Criminal Complaint (Doc. 1)*, on August 15, 2008, Defendant was "questioned as to his citizenship," and he "admitted to being a citizen of Mexico without authorization to enter or remain in the United States," and that "he last entered the United States by illegally crossing the international boundary on February 16, 2005, near San Luis, Arizona at a place not designated as a lawful port of entry and was not inspected by an immigration officer." The *Criminal Complaint*

*(Doc. 1)* further states that Defendant "has not been registered nor been fingerprinted as required [of] any alien who has been present in the United States longer than thirty days."

Defendant contends that the *Criminal Complaint (Doc. 1)* does not "contain[] essential facts sufficient to establish probable cause to believe that the defendant has **willfully** failed or refused to apply for registration and be fingerprinted." *Motion to Dismiss (Doc. 7)* at 3 (emphasis in original). Defendant argues that the *Criminal Complaint (Doc. 1)* should be dismissed or he should be acquitted because the complaint "contains no factual allegations that establish probable cause to believe that the defendant knew that he had a legal duty to apply for registration and be fingerprinted within thirty days of entry, and that he voluntarily and intentionally violated that duty." *Motion to Dismiss (Doc. 7)* at 5. In response, the United States contends that the term "willful" does not always denote a specific intent requirement (*see* **Response** *(Doc. 8)* at 2), and that "outside the context of a highly complex body of law such as the tax code, the element of 'willfulness' means that a defendant willfully violated some law, and not necessarily the law he is charged with violating." *Response (Doc. 8)* at 6-7. The United States argues that the complaint alleges probable cause for willful failure to register under 8 U.S.C. § § 1302(a) and 1306(a). *Id.* at 7. In its *Proffer*, the United States alleges that if it presented evidence at trial, it would be that (1) Defendant admitted that he entered the United States illegally on February 16, 2005, and (2) that he crossed into the United States near the Port of Entry in San Luis, Arizona.

## **Discussion/Analysis**

Pursuant to Federal Rule of Criminal Procedure 5(b), if an officer makes an arrest without a warrant, "a complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed in the district where the offense was allegedly committed." Fed. R. Crim. P. 5(b). Rule 4(a) explains

3

that a complaint must "establish probable cause to believe that an offense has been committed and that the defendant committed it." Fed. R. Crim. P. 4(a). Rule 3 provides that a "complaint is a written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 3. A complaint must "enable the appropriate magistrate . . . to determine whether the 'probable cause' required to support a warrant exists," and the Court "should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime." *Giordenello v. United States*, 357 U.S. 480, 486 (1958) (holding that a complaint does not establish probable cause when it "contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein; it does not indicate any sources for the complainant's belief; and it does not set forth any other sufficient basis upon which a finding of probable cause could be made"). Further, a complaint "must provide the affiant's answer to the magistrate's hypothetical question, 'What makes you think that the defendant committed the offense charged?'" *Jaben v. United States*, 381 U.S. 214, 224 (1965).

      The Comment to the Tenth Circuit Criminal Pattern Jury Instructions for the term "willfully" states that "[i]n light of the confusion in the law regarding the meaning of the word 'willfull,' the Committee suggests that, when a statute uses this word, care should be taken to distinguish between its meanings." *See* Pattern Crim. Jury Instr. 10th Cir. 1.38 (2006). For example, "willfulness" "may impose on the government the burden of proving that the defendant had knowledge of his conduct, or that his conduct was unlawful, or of the precise legal duty, the violation of which forms the substance of the charges against the defendant." *Id.* The Supreme Court has held that the willfulness element in a statute requires "knowledge that the [defendant's] conduct is unlawful," not that the defendant knew the precise legal duty which he was charged with violating. *Bryan v. United States*,

524 U.S. 184, 196-98 (1998); *cf. Liparota v. United States*, 471 U.S. 419, 433-34 (1985) (willfulness requires a showing that the defendant knew his conduct to be unauthorized by statute or regulations) and *Ratzlaf v. United States*, 510 U.S. 135, 149 (1994) ("willfulness" in case involving violations of statute making it illegal to structure bank transactions to avoid reporting requirements thereunder requires proof that the defendant knew the structuring in which he engaged was unlawful).

The Tenth Circuit has held that "[t]o knowingly fail to perform a duty[,] a person must be aware of the duty or wilfully neglect to perform it." *See United States v. Williams*, 421 F.2d 600, 602 (10th Cir. 1970) (holding that evidence did not support the conviction of the defendant for knowingly failing to report for a physical examination as required by the Selective Service statute when no evidence showed that the defendant received notice of an order to report or that the defendant knew of the order); *see also Lambert v. State of California*, 355 U.S. 225, 229 (1957) (holding that it was a violation of due process to convict a person for failure to register under a felon registration ordinance where the person did not know of the duty to register and where there was no proof of the probability of such knowledge); *United States v. Kerley*, 838 F.2d 932, 936 (7th Cir. 1988) (holding that conviction for knowingly failing to register with Selective Service "require[s] that the defendant had knowledge of the duty to register"); *United States v. Boucher*, 509 F.2d 991, 994 (8th Cir. 1975) (failure to register with the Selective Service requires showing that defendant knew of his obligation to register); *Patel v. Still*, No. C04-0138TEH, 2005 WL 1910926 *3-4, 8 (N.D. Cal. August 10, 2005) (unpublished) (explaining in dicta that "[i]n the criminal context, courts interpret a knowing and wilful failure to register with the Selective Service to require a showing of 'deliberate purpose' not to comply with the Selective Service Act . . . [and that] the

5

government must show beyond a reasonable doubt that the defendant intentionally failed to register.").

Moreover, in the legislative history for an earlier version of 8 U.S.C. § 1306(a), which also prohibited willful failure to apply for registration and be fingerprinted, in a discussion about the meaning of the term "willful failure" in the statute, Senator Miller stated that "a man cannot willfully refuse to do something about which he does not know anything," and Senator Connally stated that if a defendant "did not have knowledge, and failed to comply [with the statute], he is innocent." *See* 86 Cong. Rec. 8346 (1940).

The Court finds that willfulness is an essential element of the offense described in 8 U.S.C. § 1306(a), and that the term "willful" in 8 U.S.C. § 1306(a) means that Defendant must have knowledge of his duty to apply for registration and be fingerprinted under Section 1302(a) and must have deliberately failed or refused to apply for registration and be fingerprinted before he can be convicted of this crime. *See United States v. Zeid*, 281 F.2d 825, 826 (3rd Cir. 1960) (explaining that "willfulness is an indispensable element of the offense" of failure to apply for registration and be fingerprinted under an earlier version of this statute). The *Criminal Complaint (Doc. 1)* does not allege facts that Defendant knew of his obligation to apply for registration and be fingerprinted or that Defendant knew that failing to apply for registration and be fingerprinted was unlawful. The *Criminal Complaint (Doc. 1)* contains no statements about whether Defendant knew about his duty to apply for registration and be fingerprinted, or that Defendant intentionally failed or refused to do so. While the United States contends that the complaint is sufficient because it alleges that Defendant

6

willfully violated "some law," even though it does not contain evidence that Defendant violated the law he is charged with violating, this argument is not supported by the statute or case law.[2]

Moreover, if the Court were to find that the "willfulness" requirement in Section 1306(a) is ambiguous, the Court "would resolve any doubt in favor of the defendant." *See Hughey v. United States*, 495 U.S. 411, 422 (1990) (lenity principles "demand resolution of ambiguities in criminal statutes in favor of the defendant") (citation omitted). Thus, the Complaint does not establish probable cause as to whether Defendant willfully violated 8 U.S.C. §§ 1302(a) or 1306(a). In addition, the Court finds that the *Proffer* does not provide sufficient evidence to establish probable cause that Defendant (1) knew of his duty to apply for registration and be fingerprinted under 8 U.S.C. § 1302(a) and (2) Defendant willfully failed or refused to apply for registration and be fingerprinted under 8 U.S.C. § 1306(a).

**THEREFORE IT IS HEREBY ORDERED** that the *Criminal Complaint (Doc. 1)* is **DISMISSED without prejudice** for lack of probable cause regarding Defendant's willful failure or refusal to apply for registration and be fingerprinted.

---

[2]The United States relies on *United States v. Blair*, 54 F.3d 639 (10th Cir. 1995) for its argument that willfulness does not necessarily require specific intent. *Response (Doc. 8)* at 2, 6. However, the court held in *Blair* that "the prosecution need not prove a defendant intentionally violates a known legal duty in order to sustain a conviction under [the general federal conspiracy statute] in cases where the underlying substantive offense does not impose such a requirement." *Blair*, 54 F.3d at 643. That case is not analogous to this case because (1) it appears to be limited to what is required to prove specific intent for the crime of conspiracy, and (2) there is no underlying substantive offense in this case. The United States also relies on *United States v. Sacco*, 428 F.2d 264 (9th Cir. 1970) to support its contention that "the 'willfulness' element of the crime charged means only that a defendant know that he is committing an act which the law forbids, and not necessarily the specific law for which he is charged." *Response (Doc. 8)* at 5. The Court disagrees because there was evidence in *Sacco* that the defendant had knowledge of his duty to register under Section 1302(a). *Sacco*, 428 F.2d at 265 and 272. The Court does not find that this case supports a finding that "willfulness" under Section 1306(a) can be imputed by intent to violate another law.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 08-2305 PO |
| ) | |
| **JAVIER CLAUDIO-BECERRA,** ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES OF AMERICA'S PROFFER OF EVIDENCE

If the United States presented evidence at trial in the above-captioned case, the evidence would be that, on August 15, 2008, in Chaves County, in the District of New Mexico, the defendant was encountered in Roswell, New Mexico by a Deputy from the Roswell Sheriff's Department after being stopped for a traffic violation. The Deputy called the United States Border Patrol Station in Alamogordo, New Mexico, requesting assistance with a possible illegal alien. Border Patrol Agent Lefand interviewed the defendant over the phone. The defendant admitted that he last entered the United States illegally on February 16, 2005, through San Luis Rio Colorado, Sonora, Mexico near San Luis, Arizona. The defendant stated that he crossed into the United States near the Port of Entry in San Luis, Arizona. The defendant told the agent that he had hitched a ride to Los Angeles after crossing into the United States where he lived with his brother for three years while working in landscaping, and that he had moved to Roswell four months ago and has been working in a construction company while living with his girlfriend. The defendant was advised of his Miranda

rights via government form I-214, stated that he understood his rights, and signed the form accordingly.

>                               Respectfully submitted,
>                               GREG FOURATT
>                               United States Attorney
>
>                                       /s/
>                               _____
>                               AMANDA GOULD
>                               Assistant United States Attorney
>                               555 S. Telshor Blvd., Suite 320
>                               Las Cruces, NM  88011
>                               (505) 522-2304

I CERTIFY that a copy of the foregoing was e-mailed to the defendant's attorney, Barbara Mandel, this 27th day of August, 2008.

/s/
_____
AMANDA GOULD
Assistant United States Attorney